UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRIAN CHARLES PIERRE CONSTANT, III,
    Plaintiff,

vs.                                        Case No.: 3:20cv5617/LAC/EMT

CALVIN LEAVEN CRUM, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on a motion to dismiss filed by Defendants Crum, Masters, and White (*see* ECF Nos. 21, 24).[1] The court provided Plaintiff an opportunity to respond to the motion to dismiss (*see* ECF No. 26), but he has not done so as of the date of this report and recommendation.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Upon consideration of Defendants' motion and the relevant law, the undersigned concludes that Defendants' motion to dismiss should be denied.

---

[1] In an order issued on today's date, the court directed the clerk of court to modify the docket to reflect that the Defendant identified by Constant as Defendant "Burach" is Kristina Burch White. Hereinafter, the court will refer to this Defendant as Defendant White.

I.  BACKGROUND

Plaintiff Brian Charles Pierre Constant, III (Constant), a Florida prisoner proceeding pro se, commenced this civil rights by filing a complaint on June 30, 2020 (*see* ECF No. 1 at 8).[2]  Constant filed a motion to proceed in forma pauperis (IFP), which the court granted on August 18, 2020 (*see* ECF Nos. 6, 7).  The court screened Constant's initial complaint, amended complaint, and second amended complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A (*see* ECF Nos. 1, 4, 5, 8, 9, 10).  Constant's third amended complaint (ECF No. 11) survived statutory screening.  Defendants Crum, Masters, and White were served with process (*see* ECF No. 23).  The court is still attempting service on the remaining Defendant, Defendant Holly Sours Crossley.

Defendant Crum filed a motion to dismiss on October 18, 2021 (ECF No. 21).  Defendants Masters and White sought leave to adopt Crum's motion to dismiss, and the court granted their request (*see* ECF Nos. 24, 27).  As previously noted, the court provided Constant an opportunity to respond to the motion to dismiss, but he has not done so.

---

[2] The court refers to the page numbers automatically assigned by the court's electronic filing system.

## II.     DEFENDANTS' MOTION TO DISMISS

Defendants contend this action is subject to dismissal pursuant to 28 U.S.C. § 1915(g) because Constant has accumulated more than three "strikes" (*see* ECF No. 21). Defendants assert that in Constant's amended complaint, filed prior to the court's granting IFP status, Constant disclosed he had previously filed the following cases:

a.  *Brian Constant vs. Brown, et al.*
    Middle District of Florida
    Case No. 5:20-cv-85
    Reason for dismissal: "to correct deficiencies and amend my complaint."

b.  *Brian Constant vs. Clemmons, et al.*
    Northern District of Florida
    Case No. 3:20cv5617
    Reason for dismissal: "Judge M. Casey Rodgers dismissed as malicious."

c.  *Brian Constant vs. Clemmons*
    Northern District of Florida
    Case No. 3:20cv5389
    Reason for dismissal: "malicious."

(*see* ECF No. 21 at 2 (Defendants' motion to dismiss referencing Constant's amended complaint, ECF No. 6 at 4–8)).

Defendants assert Constant's Middle District case was actually dismissed for failure to state a cause of action, which qualifies as a "strike" under § 1915(g).

Defendants additionally assert Constant omitted an appeal his filed in the Eleventh Circuit Court of Appeals, *Brian Constant III vs. Beasley, et al.*, Case No. 20-13721-A, which was dismissed as frivolous (*see* ECF No. 21 at 2). Defendants contend Constant's litigation history demonstrates he is not entitled to proceed IFP because he accumulated four strikes, and his pleadings do not demonstrate he is in imminent danger (*id.* at 2–5). Defendants request that the court strike Constant's IFP status and dismiss this case (*id.*). Defendants additionally contend Constant's complaint is subject to dismissal for failing to accurately and completely disclose his litigation history, specifically, the nature of the dismissal of his Middle District case, Case No. 5:20cv85, and the frivolousness dismissal of his appellate case, Case No. 20-13721A (*id.* at 5–8).

III. DISCUSSION

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding IFP if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides a narrow exception for instances in which the prisoner-litigant is in imminent danger of serious physical injury. *Id.* The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding IFP must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). As previously discussed, the only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Case No.:   3:20cv5617/LAC/EMT

At the time Constant filed this civil rights action (on June 30, 2020) and was granted IFP status (on August 18, 2020), he had **not** had three or more cases dismissed on as frivolous or malicious, or for failure to state a claim upon which relief may be granted. For starters, one of the cases identified by Defendants as a strike is the instant case, which obviously has not been dismissed. Additionally, the Middle District case, Case No. 5:20-cv-85 was dismissed on September 24, 2020, **after** Constant commenced the instant case and was granted IFP status. The same is true of the Eleventh Circuit appeal, Case No. 20-13721—that appeal was filed on October 2, 2020 and dismissed on March 5, 2021, **after** Constant commenced this case and was granted IFP status. Constant thus was not a "three-striker" either when he commenced this case or when the court granted him IFP status.

The court also rejects Defendants' alternative ground for dismissal, i.e., Constant's failure to accurately characterize the dismissal of the Middle District case. In Constant's first, second, and third amended complaints, he disclosed the Middle District case, Case No. 5:20cv85, in his answer to the question of the complaint form requiring disclosure of cases that qualified as "strikes" (*see* ECF No. 5 at 8; ECF No. 9 at 13; ECF No. 11 at 8). Constant also disclosed the appellate case, Case No. 20-13721-A, in his second and third amended complaints, which

were the only pleadings filed after he commenced that appeal (*see* ECF No. 9 at 13; ECF No. 11 at 8). Constant's disclosures were sufficient to satisfy the disclosure requirements of the complaint form.

IV.   CONCLUSION

Defendants Crum, Masters, and White failed to carry their burden of proving that when Constant commenced this case and was granted IFP status, he had three or more cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Additionally, Constant's pleadings demonstrate he sufficiently disclosed his prior litigation history. Therefore, Defendants' motion to dismiss should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That the motion to dismiss filed by Defendants Crum, Masters, and White (ECF No. 21) be **DENIED.**

At Pensacola, Florida this 14th day of December 2021.

> */s/ Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**